# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

CASE NO. _____

WALSH HAUPT & ASSOCIATES, INC., d/b/a THE ORIGINAL MONKEY BREAD

    Plaintiff,

v.

WESTCHESTER SURPLUS LINES INSURANCE COMPANY,

    Defendant.

State Court Case No.: 2020-CA-002516

## NOTICE OF REMOVAL

Pursuant to Local Rule 1.06, Defendant Westchester Surplus Lines Insurance Company ("**Westchester**") hereby removes this breach of contract action to the U.S. District Court for the Middle District of Florida, Fort Myers Division, based on diversity jurisdiction under 28 U.S.C. §§ 1332, 1441(a), and 1446(b). As explained more fully below, Walsh Haupt & Associates, Inc. d/b/a The Original Monkey Bread ("**Plaintiff**") and Westchester are citizens of different states. Additionally, the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Because all other requirements for removal have been met, this Court has diversity jurisdiction, and removal is proper.

## FACTUAL BACKGROUND

1.  Plaintiff initiated this action on August 10, 2020, in the Circuit Court of the Twentieth Judicial Circuit in and for Collier County, Florida by filing a complaint for breach of contract captioned *Walsh Haupt & Associates, Inc. d/b/a The Original Monkey Bread v. Westchester Surplus Lines Insurance Company*, Case No. 2020-CA-002516 (the "**State Court Action**"). A copy of the Complaint is attached as **Exhibit 1**, and a copy of the state court docket and all other state court process, pleadings, and papers are attached collectively as **Exhibit 2**.

2.  In the Complaint, Plaintiff generally asserts that Westchester breached a commercial property insurance policy that it issued to Plaintiff by denying Plaintiff's business income claim related to the COVID-19 pandemic. *See generally*, **Exhibit 1**. Plaintiff also seeks to recover its attorneys' fees and costs incurred in this action pursuant to Florida Statutes §§ 626.9373, 57.041, and 92.231 *Id.* at p. 3.

3.  On December 29, 2020, Westchester served interrogatories on Plaintiff in the State Court Action. In Interrogatory No. 2, Westchester requested that Plaintiff:

> "Identify, itemize by subject matter and date/time sustained or incurred, and describe all monetary amounts that Plaintiff seeks to recover in this lawsuit, including providing the following for each discrete monetary amount:
>
> > a. Whether Plaintiff contends the amount is "Extra Expense" or actual loss of "Business Income" and why;

      b. What allegedly caused the amount to be incurred or sustained; and

      c. The specific provision in the Westchester Policy that Plaintiff contends provides coverage for the amount and why.

A copy of Westchester's First Set of the Interrogatories to Plaintiff is attached as **Exhibit 3**.

4. On March 2, 2021, Plaintiff served its Verified Answers to Westchester's First Set of Interrogatories. In response to Interrogatory No. 2, Plaintiff stated that it "approximates its losses to be $102,031.00 between March and August of 2020." A copy of the verified answers that contains this statement is attached as **Exhibit 4**.

## LEGAL AUTHORITY

5. Removal of this case is warranted under 28 U.S.C. § 1441(b) because this Court has original jurisdiction pursuant to 28 U.S.C. § 1332(a) (i.e., diversity jurisdiction). This Court has diversity jurisdiction because the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and there is complete diversity of citizenship between Plaintiff and Defendant. *See* 28 U.S.C. § 1332(a).

### I. The Amount In Controversy Is More Than $75,000.

6. "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014). The "defendant's notice

of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 554.

7. Here, while the Complaint does not specify the exact amount in controversy, Plaintiff has stated in verified interrogatory responses that Plaintiff seeks damages from Defendant in excess of $75,000.00, exclusive of interests and costs. *See supra* ¶ 4 & **Exhibit 4**. Accordingly, the amount in controversy requirement is satisfied. *See* 28 U.S.C. § 1332(a); 28 U.S.C. § 1446(b)(3) (providing that the requirements for removal may be ascertained from "other paper").

## II. Complete Diversity Of Citizenship Exists.

8. Additionally, there is complete diversity of citizenship between Plaintiff and Defendant.[1] *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.*, 411 F.3d 1242, 1248 n.2 (11th Cir. 2005) (a party establishes diversity by showing that the parties are not citizens of the same state).

9. Plaintiff is a citizen of Florida because it is a Florida corporation with its principal place of business in Florida. *See* 28 U.S.C. § 1332(c)(1) (for purposes of determining whether diversity jurisdiction exists, a corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of

---

[1] The allegations in paragraphs 9 and 10 reflect the parties' citizenship as of the time when the State Court Action was filed, the time when this Notice of Removal was filed, and all intervening times.

business).  A copy of Plaintiff's "Detail by Entity Name" page from the Florida's Division of Corporations website is attached as **Exhibit 5**.

10. Westchester is a citizen of Georgia and Pennsylvania because it is a Georgia corporation with its principal place of business in Pennsylvania. *See* 28 U.S.C. § 1332(c)(1) (for purposes of determining whether diversity jurisdiction exists, a corporation is a citizen of the state in which it is incorporated and the state in which it has its principal place of business).

### III. All Other Removal Requirements Have Been Met.

11. In addition to the Court having diversity jurisdiction, all other removal requirements have been met.

12. Thus, this Notice of Removal is timely because it is filed within 30 days of March 2, 2021, the date on which Plaintiff served and filed its verified interrogatory responses stating that Plaintiff is seeking damages in excess of $75,000, exclusive of interests and costs. *See* 28 U.S.C. § 1446(b); *Mikesell v. FIA Card Servs., N.A.*, 936 F. Supp. 2d 1327, 1331 (M.D. Fla. 2013) (notice of removal timely under 28 U.S.C. § 1446(b) when filed within 30 days after receipt of other paper under the statute). That interrogatory response was the first "other paper" from which Westchester could ascertain that the State Court Action was or had become removable. *See* 28 U.S.C. 1446(b)(3).

13. As required by 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being served upon counsel for Plaintiff, and Defendant is filing a copy of this Notice of Removal in the State Court Action.

14. Venue is proper pursuant to 28 U.S.C. § 1446(a).

15. Defendant reserves the right to file additional support for this Notice of Removal, including, but not limited to, affidavits, deposition testimony, expert testimony, discovery responses, supplemental memoranda, and legal argument. By filing this Notice of Removal, Defendant does not waive, and expressly preserves, any and all defenses and affirmative defenses available to it.

WHEREFORE, Defendant Westchester Surplus Lines Insurance Company respectfully removes this action to the United States District Court for the Middle District of Florida, Fort Myers Division.

Dated: March 26, 2021

Respectfully submitted,

*/s/ Steven J. Brodie*
Steven J. Brodie (FL Bar # 333069)
sbrodie@carltonfields.com
Heidi Hudson Raschke (FL Bar # 61183)
hraschke@carltonfields.com
Andrew K. Daechsel (FL Bar # 118157)
akdaechsel@carltonfields.com
Carlton Fields, P.A.
2 MiamiCentral
700 NW 1st Avenue, Ste. 1200
Miami, Florida 33136

Telephone (305) 530-0050
Facsimile (305) 530-0055

*Attorneys for Defendant Westchester Surplus Lines Insurance Company*