**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION**

|  |  |
|---|---|
| WALSH HAUPT & ASSOCIATES, INC., d/b/a THE ORIGINAL MONKEY BREAD<br><br>        Plaintiff,<br><br>v.<br><br>WESTCHESTER SURPLUS LINES INSURANCE COMPANY,<br><br>        Defendant. | Case No.: 2:21-cv-00265-JLB-MRM |

## DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS

Pursuant to Federal Rule of Civil Procedure 12(c), Defendant Westchester Surplus Lines Insurance Company (**"Westchester"**) moves for the entry of final judgment in its favor on the pleadings.

## I.    INTRODUCTION

It is difficult to underestimate the magnitude of the challenges and hardships created by the COVID-19 pandemic. But rewriting clear and unambiguous contractual language is not the solution to the extraordinary problems arising from the pandemic. In this lawsuit, Plaintiff asks the Court to do precisely that.

Plaintiff – a bakery – seeks coverage under a commercial property insurance policy for financial losses allegedly caused by government orders that temporarily limited access to certain businesses to slow the spread of COVID-19. However, Plaintiff's alleged financial losses are not covered by the policy's Building and Personal

Property, Business Income, or Extra Expense Coverage provisions because there has been no "direct physical loss of or damage to property" at Plaintiff's bakery, which is required for coverage. Additionally, there is no coverage under the policy's Civil Authority Coverage provision because the government orders were not issued in response to any property damage away from Plaintiff's bakery, as needed for there to be coverage. Indeed, the government orders were issued to try to slow the spread of COVID-19, not because of any property damage. Further, multiple exclusions in the policy bar coverage. Simply put, granting the relief that Plaintiff seeks would effectively rewrite the insurance policy to provide coverage that its unambiguous terms simply do not provide.

In light of these fatal deficiencies, it is unsurprising that courts in Florida and across the country have repeatedly dismissed COVID-19 business interruption insurance coverage lawsuits like the one asserted by Plaintiff here. This Court should similarly dismiss this lawsuit with prejudice and enter judgment in favor of Westchester.

## II.   FACTUAL BACKGROUND

### A.   Plaintiff's Claimed Losses

Plaintiff is a bakery located in Naples, Florida. ECF No. 3 (Compl.) ¶¶ 1, 5; ECF No. 3-1 at 5. Plaintiff alleges that, due to the spread of COVID-19 and the COVID-19 pandemic, governmental authorities issued orders imposing temporary restrictions on who could access certain businesses, including Plaintiff's bakery. ECF No. 3 ¶ 9. Plaintiff alleges that the government orders caused Plaintiff to sustain

financial losses. *Id.* ¶ 10. Plaintiff alleges that its financial losses are covered by the Policy (defined below), and that Westchester breached the Policy by not providing coverage. *Id.* ¶¶ 10, 14-15.

**B.**   **The Policy**

Westchester issued a commercial property insurance policy to Plaintiff for the policy period of June 11, 2019, to June 11, 2020 (the **"Policy"**). ECF No. 3 ¶ 5; Policy at 4.[1] The Policy specifies what it covers and what it does not. The Policy includes multiple coverage grants, including: (1) the Building and Personal Property Coverage provision; (2) the Business Income Coverage provision; (3) the Extra Expense Coverage provision; and (4) the Civil Authority Coverage provision. Policy at 29, 45-46.

**1.**   **Building and Personal Property, Business Income, and Extra Expense Coverage Provisions – Require Direct Physical Loss of or Damage to Property at Plaintiff's Bakery**

The Policy's Building and Personal Property, Business Income, and Extra Expense Coverage provisions only provide coverage if a "Covered Cause of Loss" causes direct physical loss of or damage to property at Plaintiff's bakery. *Id.* at 29, 45. The Policy defines "Covered Cause of Loss" as "direct physical loss unless the loss is

---

[1] A certified copy of the Policy is attached hereto as **Exhibit 1**. For ease of reference, pinpoint citations to the Policy refer to the bates numbers added to the bottom right corner of each page. The Court may consider the Policy in ruling on this Motion. *See Book v. City of Daytona Beach, Fla.*, 2009 WL 10706063, at *2 (M.D. Fla. July 14, 2009) ("A document attached to a motion for judgment on the pleadings may be considered by a court without converting the motion into one for summary judgment if the attached document is central to the claim and the authenticity of the document is not disputed." (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002)); *cf. Obediente v. Stonebridge Life Ins. Co.*, 2015 WL 12830478, at *1 n.1 (M.D. Fla. Nov. 13, 2015) (considering insurance policy attached to motion to dismiss in insurance coverage action (citing *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005)).

excluded or limited in this policy." *Id.* at 54; *see also id.* at 5, 31, 46 (designating Causes of Loss – Special Form to provide definition of "Covered Causes of Loss").

The Building and Personal Property Coverage provision states, "We will pay for <u>direct physical loss of or damage to</u> Covered Property at the premises described in the Declarations [i.e., Plaintiff's bakery] caused by or resulting from any Covered Cause of Loss." *Id.* at 29 (emphasis added); *see also id.* at 5; ECF No. 3 ¶ 1. When this coverage provision is triggered, the Policy states that Westchester, "at [its] option, . . . will either: (1) Pay the value of lost or damaged property; (2) Pay the cost of repairing or replacing the lost or damaged property . . . ; (3) Take all or any part of the property at an agreed or appraised value; or (4) Repair, rebuild or replace the property with other property of like kind and quality . . . ." Policy at 39.

Like the Building and Personal Property Coverage provision, the Business Income Coverage provision only provides coverage if there is "direct physical loss of or damage to" property at Plaintiff's bakery. Specifically, the Business Income Coverage provision states, in part:

> We will pay for the actual loss of Business Income you sustain due to the necessary "suspension" of your "operations" during the "period of restoration". The "suspension" <u>must be caused by direct physical loss of or damage to property at premises</u> which are described in the Declarations and for which a Business Income Limit Of Insurance is shown in the Declarations [i.e., Plaintiff's bakery]. The loss or damage must be caused by or result from a Covered Cause of Loss.

*Id.* at 45 (emphasis added); *see also id.* at 5; ECF No. 3 ¶ 1.

Similarly, the Extra Expense Coverage provision only provides coverage if there is "direct physical loss or damage to property at" Plaintiff's bakery. The Extra Expense Coverage provision states, "Extra Expense Coverage is provided at the premises described in the Declarations [i.e., Plaintiff's bakery] only if the Declarations show that Business Income Coverage applies at that premises." Policy at 45; *see also id.* at 5; ECF No. 3 ¶ 1. The Extra Expense Coverage provision further states that Westchester will pay "Extra Expense (other than the expense to repair or replace property)" if certain requirements are met and defines "Extra Expense" as "necessary expenses you incur during the 'period of restoration' that you would not have incurred if there had been <u>no direct physical loss or damage to</u> property caused by or resulting from a Covered Cause of Loss." Policy at 45 (emphasis added).

Notably, the Business Income and Extra Expense Coverage provisions only provide coverage during the "period of restoration." The Policy's definition of "period of restoration" further highlights the necessity of direct physical loss of or damage to property to trigger coverage:

> "Period of restoration" means the period of time that:
>
> **a.** Begins:
>
>> **(1)** 72 hours after the time of <u>direct physical loss or damage</u> for Business Income Coverage; or
>>
>> **(2)** Immediately after the time of <u>direct physical loss or damage</u> for Extra Expense Coverage;
>>
>> caused by or resulting from any Covered Cause of Loss at the described premises; and
>
> **b.** Ends on the earlier of:

(1) The date <u>when the property at the described premises should be repaired, rebuilt or replaced with reasonable speed and similar quality</u>; or

(2) The date when business is resumed at a new permanent location.

"Period of restoration" <u>does not include any increased period required due to the enforcement of or compliance with any ordinance or law that</u>:

(1) <u>Regulates the</u> construction, <u>use</u> or repair, or requires the tearing down, <u>of any property</u>; or

(2) Requires any insured or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of "pollutants".

*Id.* at 53 (emphasis added).

## 2. Civil Authority Coverage Provision – Requires Off-Site Property Damage

The Policy's Civil Authority Coverage provision only provides coverage if a Covered Cause of Loss causes damage to property away from Plaintiff's bakery, and a civil authority order is issued in response to that off-site property damage. In other words, if there is no off-site property damage, the Civil Authority Coverage provision is not triggered. Indeed, the Civil Authority Coverage provision states:

When a Covered Cause of Loss <u>causes damage to property other than property at the described premises</u> [i.e., Plaintiff's bakery], we will pay for the actual loss of Business Income you sustain and necessary Extra Expense caused by action of civil authority that prohibits access to the described premises, provided that both of the following apply:

(1) Access to the area immediately surrounding <u>the damaged property</u> is prohibited by civil authority <u>as a result of the damage</u>, and the described premises are within that area . . . ; and

> **(2)** The action of civil authority is taken in response to dangerous physical conditions resulting from <u>the damage</u> or continuation of the Covered Cause of Loss that caused <u>the damage</u>, or the action is taken to enable a civil authority to have unimpeded access to the <u>damaged property</u>.

*Id.* at 46, 93 (emphasis added); *see also id.* at 5; ECF No. 3 ¶ 1.

### 3. The Acts Or Decisions Exclusion, Ordinance Or Law Exclusion, and Delay, Loss Of Use Or Loss Of Market Exclusion Preclude Coverage.

Even if one of the Policy's coverage grants were triggered, coverage is still precluded by the Policy's Acts Or Decisions Exclusion, Ordinance Or Law Exclusion, and Delay, Loss Of Use Or Loss Of Market Exclusion. The Acts Or Decisions Exclusion states, in part, that Westchester "will not pay for loss or damage caused by or resulting from . . . [a]cts or decisions, including the failure to act or decide, of any person, group, organization or governmental body." Policy at 57. The Ordinance Or Law Exclusion states, in part, that Westchester "will not pay for loss or damage caused directly or indirectly by . . . [t]he enforcement of or compliance with any ordinance or law . . . [r]egulating the construction, <u>use</u> or repair <u>of any property</u> . . . ." *Id.* at 54 (emphasis added). The Delay, Loss Of Use Or Loss Of Market Exclusion states that Westchester "will not pay for loss or damage caused by or resulting from . . . [d]elay, <u>loss of use</u> or loss of market." *Id.* at 56 (emphasis added).

## III.  LEGAL STANDARD

"A motion for judgment on the pleadings is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *Guarino v. Wyeth LLC*, 823 F. Supp. 2d 1289, 1291 (M.D. Fla. 2011) (citing *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th

Cir. 1998)). Judgment on the pleadings should be granted for a defendant where "no issues of material fact exist, and [it] is entitled to judgment as a matter of law." *Slagle v. ITT Hartford*, 102 F.3d 494, 497 (11th Cir. 1996) (quotation marks omitted). The plaintiff must plead "'enough facts to state a claim to relief that is plausible on its face.'" *Ramey v. Interstate Fire & Cas. Co.*, 32 F. Supp. 3d 1199, 1203 (S.D. Fla. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

However, a court "will not accept any allegations that are merely legal conclusions, nor any bald assertions or unwarranted inferences drawn from the alleged facts." *Avena v. Imperial Salon & Spa, Inc.*, 740 F. App'x 679, 680 (11th Cir. 2018) (citing *Iqbal*, 556 U.S. at 678). And the court's "duty to accept the facts in the complaint as true does not require [it] to ignore specific factual details of the pleading in favor of general or conclusory allegations." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1205-06 (11th Cir. 2007). Moreover, "when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." *Crenshaw v. Lister*, 556 F.3d 1283, 1292 (11th Cir. 2009).

## IV.   **ARGUMENT**

"The scope and extent of insurance coverage is defined by the language and terms of the policy." *Roberts v. Florida Lawyers Mut. Ins. Co.*, 839 So. 2d 843, 845 (Fla. 4th DCA 2003).[2] "The well-settled rule [is] that a court shall not rewrite a contract of insurance extending the coverage afforded beyond that plainly set forth in the insurance contract." *Oceanus Mut. Underwriting Ass'n (Bermuda) Ltd. v. Fuentes*, 456 So. 2d 1230, 1232 (Fla. 3d DCA 1984) (quotation marks omitted). To that end, "[i]nsurance contracts must be construed in accordance with the plain language of the policy." *Somethings Fishy Enterprises, Inc. v. Atl. Cas. Ins. Co.*, 415 F. Supp. 3d 1137, 1142 (S.D. Fla. 2019) (citing *Swire Pac. Holdings, Inc. v. Zurich Ins. Co.*, 845 So. 2d 161, 165 (Fla. 2003)). "'[I]f a policy provision is clear and unambiguous, it should be enforced according to its terms whether it is a basic policy provision or an exclusionary provision.'" *Id.* (quoting *Taurus Holdings, Inc. v. USF & G*, 913 So. 2d 528, 532 (Fla. 2005)).

"Under Florida law, the interpretation of an insurance contract . . . is a question of law to be decided by the court." *Mama Jo's v. Sparta Ins. Co.*, 823 F. App'x 868, 878 (11th Cir. 2020). "A party claiming coverage . . . generally bears the burden of proof to establish that coverage exists." *Id.*

---

[2] Florida law applies to the substantive issues in this case. *See, e.g.*, *Rando v. Gov't Emps. Ins. Co.*, 556 F.3d 1173, 1176 (11th Cir. 2009) ("In determining which law applies, a federal district court sitting in diversity must apply the choice of law rules of the forum state."); *Sparta Ins. Co. v. Colareta*, 990 F. Supp. 2d 1357, 1362 (S.D. Fla. 2014) (under Florida choice of law rules, insurance coverage disputes are generally governed by the substantive law of the state where the insurance policy was delivered).

Entering judgment on the pleadings in favor of the defendant-insurer in an insurance coverage action is appropriate if the well-pleaded factual allegations in the complaint, taken as true, do not establish coverage under the insurance policy. *See, e.g.*, *MCML Holding Co., LLC v. Colony Ins. Co.*, No. 8:20-cv-02016-MSS-CPT, ECF No. 32 (M.D. Fla. May 12, 2021) (Scriven, J.) (Florida law) (granting defendant-insurer's motion for judgment on the pleadings in COVID-19 business interruption insurance coverage lawsuit involving same business income coverage provision at issue here); *Cafe Int'l Holding Co. LLC v. Westchester Surplus Lines Ins. Co.*, 2021 WL 1803805 (S.D. Fla. May 4, 2021) (Goodman, Mag. J.) (Florida law) (granting Westchester's motion for judgment on the pleadings in COVID-19 business interruption insurance coverage lawsuit involving same policy language at issue here); *PF Sunset View, LLC v. Atlantic Specialty Ins. Co.*, 2021 WL 1341602 (S.D. Fla. Apr. 9, 2021) (Cannon, J.) (Florida law) (granting defendant-insurer's motion for judgment on the pleadings in COVID-19 business interruption insurance coverage lawsuit involving substantially similar policy language to policy language at issue here).

As explained below, even if the well-pleaded factual allegations in the Complaint are taken as true, Plaintiff is not entitled to coverage. There is no coverage under the Building and Personal Property, Business Income, or Extra Expense Coverage provisions because there has been no direct physical loss of or damage to property at Plaintiff's bakery. There is no coverage under the Civil Authority Coverage provision because the government orders at issue were not issued in response to any property damage away from the bakery. Also, multiple exclusions bar coverage. Thus,

the Complaint fails to state a claim, and the Court should enter judgment on the pleadings in favor of Westchester.

## A. There Is No Building and Personal Property, Business Income, or Extra Expense Coverage Because There Has Been No Direct Physical Loss of or Damage to Property at Plaintiff's Bakery

The Policy's Building and Personal Property, Business Income, and Extra Expense Coverage provisions only provide coverage if there was direct physical loss of or damage to property at Plaintiff's bakery. *See supra* section II.B.1. Here, however, Plaintiff seeks coverage for solely economic losses it allegedly sustained due to government orders that temporarily limited access to its bakery. As courts have repeatedly held, such restrictions do not constitute or cause direct physical loss of or damage to property and are insufficient to trigger coverage. *See, e.g.*, *Cafe La Trova LLC v. Aspen Specialty Ins. Co.*, 2021 WL 602585, at *8 (S.D. Fla. Feb. 16, 2021) ("By now, a growing number of courts have rejected claims that economic losses due to COVID-19 or related government orders are covered . . . .").

"[U]nder Florida law, the phrase, 'direct physical loss of or damage to property' requires 'a distinct, demonstrable, physical alteration of the property' and does not include 'losses that are intangible or incorporeal.'" *AE Mgmt., LLC v. Illinois Union Ins. Co.*, 2021 WL 827192, at *3 (S.D. Fla. Mar. 4, 2021); *see also Cafe Int'l*, 2021 WL 1803805, at *10 (same). In other words, there must be "some *physical problem* with the covered property." *Malaube, LLC v. Greenwich Ins. Co.*, 2020 WL 5051581, at *4, *7-*8 (S.D. Fla. Aug. 26, 2020) (emphasis in original). "'The requirement that the loss be 'physical,' given the ordinary definition of that term, is widely held to . . . preclude any

claim against the property insurer when the insured merely suffers a detrimental economic impact unaccompanied by a distinct, demonstrable, physical alteration of the property.'" *Mama Jo's, Inc. v. Sparta Ins. Co.*, 2018 WL 3412974, at \*9 (S.D. Fla. June 11, 2018) (quoting 10A Couch on Ins. § 148:46 (3d. Ed. West 1998)), *aff'd*, 823 F. App'x 868 (11th Cir. 2020), *cert. denied*, 2021 WL 1163753 (U.S. Mar. 29, 2021).

The Eleventh Circuit recently reaffirmed these principles in *Mama Jo's*. There, the plaintiff-restaurant alleged that nearby construction work damaged the restaurant by emitting construction-related debris and dust onto the restaurant's floors, walls, tables, chairs, and countertops. *Mama Jo's*, 823 F. App'x at 872. The restaurant sought coverage under the policy's building and personal property coverage provision for the cost to clean the dust and debris, and under the policy's business income coverage provision for financial losses allegedly caused by a reduction in business operations related to the debris and dust, such as closing sections of the restaurant for cleaning. *Id.* at 871-72, 879-80. Like here, the building and personal property coverage provision stated that the insurer "will pay for <u>direct physical loss of or damage to</u> Covered Property . . . caused by or resulting from any Covered Cause of Loss," and the business income coverage provision only provided coverage if a "suspension" of the policyholder's operations was "'caused by <u>direct physical loss of or damage to'</u> covered property." *Id.* at 879 (emphasis added). Applying Florida law, the Eleventh Circuit held that neither coverage provision provided coverage because there was no direct physical loss of or damage to property. *Id.* at 879. The presence of debris and dust was insufficient. *See id.* As the Eleventh Circuit emphasized: "[A]n item or structure that

merely needs to be cleaned has not suffered a 'loss' which is both 'direct' and 'physical.'" *Id.* (citing *Homeowners Choice Prop. & Cas. v. Miguel Maspons*, 211 So. 3d 1067, 1069 (Fla. 3d DCA 2017); *Vazquez v. Citizens Prop. Ins. Corp.*, 304 So. 3d 1280, 1284-85 (Fla. 3d DCA 2020)).

Consistent with *Mama Jo's*, Florida courts, including courts in this District, have repeatedly dismissed, or entered judgment on the pleadings in, lawsuits seeking coverage under the same policy language at issue here, or similar language, for losses allegedly resulting from restrictions imposed by COVID-19-related government orders because such restrictions do not constitute or cause direct physical loss of or damage to property. *See, e.g.*, *MCML Holding Co.*, No. 8:20-cv-02016-MSS-CPT, ECF No. 32 at 3-8 (Scriven, J.) (entering judgment on the pleadings in favor of defendant-insurer and holding, under Florida law, no coverage under business income coverage provision for financial losses allegedly sustained due to restrictions imposed by COVID-19-related government orders, due to failure to allege "direct physical loss of or damage to" property); *Pane Rustica, Inc. v. Greenwich Ins. Co.*, 2021 WL 1087219, at *1-*3 (M.D. Fla. Mar. 22, 2021) (Kimball Mizelle, J.) (dismissing with prejudice and holding, under Florida law, no coverage under business income and extra expense coverage provisions for financial losses allegedly sustained due to restrictions imposed by COVID-19-related government orders, due to failure to allege "direct physical loss of or damage to" property); *R.T.G. Furniture Corp. v. Hallmark Specialty Ins. Co.*, 2021 WL 686864, at *1-*2 (M.D. Fla. Jan. 22, 2021) (Moody, Jr., J.) (same); *Edison Kennedy, LLC v. Scottsdale Ins. Co.*, 2021 WL 22314, at *2-*3, *5-*6 (M.D. Fla. Jan. 4,

2021) (Jung, J.) (same); *Prime Time Sports Grill, Inc. v. DTW 1991 Underwriting Ltd.*, 2020 WL 7398646, at *1, *5-*7 (M.D. Fla. Dec. 17, 2020) (Edwards Honeywell, J.) (same as to building and personal property coverage provision and business income coverage provision); *First Watch Restaurants, Inc. v. Zurich Am. Ins. Co.*, 2021 WL 390945, at *1, *3-*4 (M.D. Fla. Feb. 4, 2021) (Hernandez Covington, J.) (similar).[3]

For example, in *Rococo Steak, LLC v. Aspen Specialty Insurance Company*, Judge Hernandez Covington dismissed with prejudice a restaurant's lawsuit seeking

---

[3] *See also, e.g.*, *Emerald Coast Restaurants, Inc. v. Aspen Specialty Ins. Co.*, 2020 WL 7889061, at *1-*2 (N.D. Fla. Dec. 18, 2020) (Wetherell, II, J.) (dismissing with prejudice and holding, under Florida law, no coverage under business income and extra expense coverage provisions for financial losses allegedly resulting from restrictions imposed by COVID-19-related government orders, due to failure to allege "direct physical loss of or damage to" property); *Webb Dental Associates DMD PA v. Cincinnati Indem. Co.*, 2021 WL 800113 (N.D. Fla. Jan. 15, 2021) (Winsor, J.) (similar); *AE Mgmt.*, 2021 WL 827192, at *2-*4 (Scola, Jr., J.) (same); *El Novillo Rest. v. Certain Underwriters at Lloyd's, London*, 2020 WL 7251362, at *1, *3-*6 (S.D. Fla. Dec. 7, 2020) (Ungaro, J.) (same); *Mena Catering, Inc. v. Scottsdale Ins. Co.*, 2021 WL 86777, at *6-*7 (S.D. Fla. Jan. 11, 2021) (Bloom, J.) (same, and reaching same holding as to building and personal property coverage); *SA Palm Beach LLC v. Certain Underwriters at Lloyd's, London*, 2020 WL 7251643, at *3-*6 (S.D. Fla. Dec. 9, 2020) (Ungaro, J.) (same); *Island Hotel Properties, Inc. v. Fireman's Fund Ins. Co.*, 2021 WL 117898, at *1-*3 (S.D. Fla. Jan. 11, 2021) (Moore, J.) (similar); *Raymond H Nahmad DDS PA v. Hartford Cas. Ins. Co.*, 2020 WL 6392841, at *5-*8 (S.D. Fla. Nov. 2, 2020) (Bloom, J.) (same, and reaching same holding as to property coverage provision); *Royal Palm Optical, Inc. v. State Farm Mut. Auto. Ins. Co.*, 2021 WL 1220750, at *4-*6 (S.D. Fla. Mar. 30, 2021) (Cannon, J.) (similar); *Atma Beauty, Inc. v. HDI Glob. Specialty SE*, 2020 WL 7770398, at *1-*4 (S.D. Fla. Dec. 30, 2020) (Gayles, J.) (same, except dismissing without prejudice); *Sun Cuisine, LLC v. Certain Underwriters at Lloyd's London*, 2020 WL 7699672, at *1-*4 (S.D. Fla. Dec. 28, 2020) (Gayles, J.) (same, except dismissing without prejudice and not addressing extra expense coverage); *Graspa Consulting, Inc. v. United Nat'l Ins. Co.*, 2021 WL 199980, at *4-*10 (S.D. Fla. Jan. 20, 2021) (Williams, J.) (same, except dismissing without prejudice); *Cafe La Trova*, 2021 WL 602585, at *7-*10 (Altonaga, J.) (similar, and reaching same holding as to building and personal property coverage; entering summary judgment for insurer); *S. Fla. Ent Associates, Inc. v. Hartford Fire Ins. Co.*, 2020 WL 6864560, at *7-*10 (S.D. Fla. Nov. 13, 2020) (Torres, Mag. J.) (similar; recommending dismissal without prejudice); *Malaube*, 2020 WL 5051581, at *1, *4-*9 (Torres, Mag. J.) (similar; recommending dismissal without prejudice); *Malaube*, No. 20-cv-22615, ECF No. 21 (S.D. Fla. Sept. 8, 2020) (plaintiff voluntarily dismissed lawsuit without prejudice prior to entry of order on report and recommendation); *Catlin Dental, P.A. v. Cincinnati Indem. Co.*, 2020 WL 8173333, at *1, *4-*5, *7 (Fla. Cir. Ct. Dec. 11, 2020) (Shenko, J.) (similar); *Town Kitchen LLC v. Certain Underwriters at Lloyd's, London*, 2021 WL 768273, at *3-*5 (S.D. Fla. Feb. 26, 2021) (Moreno, J.) (granting motion to dismiss and rejecting argument that inability to use insured premises for its intended purpose constitutes direct physical loss of or damage to insured premises).

coverage under the same business income and extra expense coverage provisions at issue here for financial losses allegedly sustained due to COVID-19-related government orders that restricted the restaurant from providing on-premises dining. 2021 WL 268478, *1-*2, *5-*6 (M.D. Fla. Jan. 27, 2021). The court held that these allegations did not constitute "direct physical loss of or damage to property" and thus failed to state a claim for business income and extra expense coverage. *Id.* at *3-*5. The court rejected the plaintiff's argument that impairment of "the restaurant's habitability and functionality" is direct physical loss of or damage to property. *Id.* at *5. The court explained that "courts in the Eleventh Circuit have overwhelmingly rejected [this] argument," and "[o]n the contrary, courts in Florida have routinely applied *Mama Jo's* to find that a decrease in business due to COVID-19 is a purely economic loss, not the kind of physical loss contemplated by insurance policies." *Id.* (collecting cases); *see also, e.g.*, *Atma Beauty*, 2020 WL 7770398, at *4 (rejecting argument that "a loss of functionality of, access to, or intended use of the [insured premises] constitutes physical loss or damage" as being "not supported by the plain language of the Policy or Florida law"); *Runway 84, Inc. v. Certain Underwriters at Lloyd's, London*, No. 0:20-cv-62257-AHS, ECF No. 15 at 10 (S.D. Fla. Mar. 31, 2021) (Singhal, J.) (same); *Graspa Consulting, Inc. v. United Nat'l Ins. Co.*, 2021 WL 1540907, at *9 (S.D. Fla. Apr. 16, 2021) (Torres, Mag. J.) (similar).

Similarly, in *Infinity Exhibits, Inc. v. Certain Underwriters at Lloyd's, London*, Judge Moody, Jr. dismissed with prejudice a COVID-19 business interruption insurance coverage lawsuit involving the same policy language at issue here in which the plaintiff

sought coverage for business income losses allegedly sustained due to COVID-19-related government orders. 2020 WL 5791583, at *1-*2, *5 (M.D. Fla. Sept. 28, 2020). The court held that there was no business income and extra expense coverage because the plaintiff failed to adequately allege direct physical loss of or damage to the insured premises. *Id.* at *1, *3-*5. The court rejected the plaintiff's argument "that economic damage is synonymous with 'physical loss' and is therefore covered" because "Florida law and the plain language of the Policies reflect that actual, concrete damage is necessary." *Id.* at *3. The court concluded: "[A]lthough the Court is sympathetic to . . . all insureds that experienced economic losses associated with COVID-19, there is simply no coverage under the policies if they require 'direct physical loss of or damage' to property." *Id.* at *5.

Here, Plaintiff does not allege any direct physical loss of or damage to property at Plaintiff's bakery. Plaintiff does not allege that any property at the bakery sustained a distinct, demonstrable, physical alteration, or that any such property needs to be repaired, rebuilt, or replaced, as needed for there to be a "period of restoration."[4] Rather, Plaintiff merely alleges that government orders imposed temporary restrictions on who could access its bakery. *See* ECF No. 3 ¶ 9. As courts have repeatedly held, such restrictions do not constitute or cause direct physical loss of or damage to property and are insufficient to state a claim for coverage under the Policy's Building

---

[4] *See Malaube*, 2020 WL 5051581, at *9 (noting that Florida law requires courts to interpret policy language in a manner that gives reasonable meaning and effect to other policy provisions, and finding policy's definition of "period of restoration" supported determination that COVID-19-related government restrictions are not "direct physical loss of" property).

and Personal Property, Business Income, and Extra Expense Coverage provisions. Therefore, Plaintiff fails to state a claim for coverage under these provisions.

### B. Plaintiff Fails To State A Claim For Civil Authority Coverage Because The Government Orders Were Not Issued In Response To Any Off-Site Property Damage

Just as Plaintiff fails to allege direct physical loss of or damage to property <u>at</u> Plaintiff's bakery, Plaintiff also fails to allege that any property <u>away from the bakery</u> sustained damage. As a result, Plaintiff fails to state a claim for coverage under the Civil Authority Coverage provision.

The Civil Authority Coverage provision only provides coverage for Business Income losses and Extra Expenses caused by an action of civil authority if the civil authority action was taken in response to some damage to property away from Plaintiff's bakery. *See supra* section II.B.2. Thus, the failure to plausibly allege any property damage away from Plaintiff's bakery that resulted in an action of civil authority is fatal to a claim for coverage under the Civil Authority Coverage provision. Indeed, Florida courts, including courts in this District, have repeatedly dismissed COVID-19-related lawsuits seeking civil authority coverage due to the failure to plausibly allege off-site property damage. *See, e.g.*, *Pane Rustica*, 2021 WL 1087219, at *3-*4 (Kimball Mizelle, J.) (dismissing with prejudice and holding, under Florida law, no coverage under civil authority coverage provision due to failure to plausibly allege off-site property damage); *First Watch Rests.*, 2021 WL 390945, at *1, *4 (Hernandez Covington, J.) (same); *Infinity Exhibits*, 2020 WL 5791583, at *1-*2, *5 (Moody, Jr.,

J.) (same); *Prime Time Sports Grill*, 2020 WL 7398646, at *6 n.7 (Edwards Honeywell, J.) (similar).[5]

     For example, in *Edison Kennedy*, Judge Jung, applying Florida law, dismissed with prejudice a restaurant's lawsuit seeking coverage under the same civil authority coverage provision at issue here for economic losses allegedly sustained due to government orders that restricted in-person dining. 2021 WL 22314, at *1-*2, *2 n.5, *5-*7. The court explained that triggering the civil authority coverage provision requires, among other things, "tangible damage to a property other than the insured premises" and a causal link between the off-site property damage and the issuance of the civil authority order. *Id.* at *6-*7. The court held that the restaurant was not entitled to civil authority coverage because it failed to plausibly allege any off-site property damage. *Id.* In so ruling, the court rejected the plaintiff's allegation that a nearby restaurant sustained "damage" (as characterized by the plaintiff) when it temporarily closed for disinfection because an employee infected with COVID-19 had been present. *Id.* at *3, *7. The court explained, "As in *Mama Jo's* and the cases thereafter,

---

[5] *See also, e.g.*, *Cafe Int'l*, 2021 WL 1803805, at *12 (Goodman, Mag. J.) (entering judgment on the pleadings in favor of Westchester and holding, under Florida law, no coverage under civil authority coverage provision due to failure to allege off-site property damage); *El Novillo*, 2020 WL 7251362, at *3, *6-*7 (Ungaro, J.) (dismissing with prejudice and holding, under Florida law, no coverage under civil authority coverage provision due to failure to plausibly allege off-site property damage); *SA Palm Beach*, 2020 WL 7251643, at *5-*6 (Ungaro, J.) (same); *15 Oz Fresh & Healthy Food*, 2021 WL 896216, at *3, *7 (Singhal, J.) (same); *AE Mgmt.*, 2021 WL 827192, at *4 (Scola, Jr., J.) (same); *Nahmad*, 2020 WL 6392841, at *8-*9 (Bloom, J.) (same); *Mena Catering*, 2021 WL 86777, at *3, *7 (Bloom, J.) (same); *Town Kitchen*, 2021 WL 768273, at *7 (Moreno, J.) (Florida law) (similar); *Sun Cuisine*, 2020 WL 7699672, at *1-*4 (Gayles, J.) (same, except dismissing with leave to amend); *Atma Beauty*, 2020 WL 7770398, at *2-*4 (Gayles, J.) (same, except dismissing with leave to amend); *Café La Trova*, 2021 WL 602585, at *10 (Altonaga, J.) (same, except granting insurer's motion for summary judgment); *Catlin Dental*, 2020 WL 8173333, at *4, *6 (Shenko, J.) (same); *DAB Dental PLLC v. Main Street America Protection Ins. Co.*, 2020 WL 7137138, at *3-*5 (Fla. Cir. Ct. Nov. 10, 2020) (Battles, J.) (same).

18

the necessity of cleaning the property to remove particles resting on the property does not mean the property suffered direct physical damage or loss." *Id.* at *7.

Here, the Complaint does not include any allegations of damage to property away from Plaintiff's bakery. Nor does the Complaint allege any causal link between off-site property damage and the government orders at issue. To the contrary, Plaintiff acknowledges the government orders were issued due to the spread of COVID-19 and the COVID-19 pandemic. *See* ECF No. 3 ¶ 9. Thus, Plaintiff fails to state a claim under the Civil Authority Coverage provision.

C.    **The Acts Or Decisions Exclusion, Ordinance Or Law Exclusion, and Delay, Loss Of Use Or Loss Of Market Exclusion Bar Coverage**

Plaintiff's claim for insurance coverage also fails as a matter of law because the Policy's Acts Or Decisions Exclusion, Ordinance Or Law Exclusion, and Delay, Loss Of Use Or Loss Of Market Exclusion bar coverage.

As noted, the Policy's Building and Personal Property, Business Income, and Extra Expense Coverage provisions are not triggered unless a Covered Cause of Loss causes direct physical loss of or damage to property at Plaintiff's bakery. *See supra* section II.B.1. Similarly, the Civil Authority Coverage provision is not triggered unless a Covered Cause of Loss causes damage to property away from Plaintiff's bakery. *See supra* section II.B.2. The Policy defines Covered Cause of Loss as "direct physical loss unless the loss is excluded or limited in this policy." *See supra* section II.B.1.

The Acts Or Decisions Exclusion bars coverage "for loss or damage caused by or resulting from . . . [a]cts or decisions . . . of any person, group, organization or

governmental body." Policy at 57 (emphasis added). And the Ordinance Or Law Exclusion bars coverage "for loss or damage caused directly or indirectly by . . . [t]he enforcement of or compliance with any ordinance or law . . . [r]egulating the construction, use or repair of any property . . . ." *Id.* at 54 (emphasis added).

Here, Plaintiff asserts that its alleged losses were caused by government orders. *See* ECF No. 3 ¶¶ 9-10. The government orders are decisions and acts of governmental bodies because governmental bodies decided to issue the orders and engaged in the act of issuing the orders. Additionally, the government orders had the force of law and regulated Plaintiff's ability to use its bakery property. Accordingly, even if Plaintiff had alleged sufficient facts to trigger coverage under the pertinent coverage provisions – which it has not – the Ordinance Or Law Exclusion and Acts Or Decisions Exclusion each independently bar coverage and Plaintiff's claim still fails as a matter of law. *See Harvest Moon Distributors, LLC v. S.-Owners Ins. Co.*, 2021 WL 1232400, at *1, *4 (M.D. Fla. Mar. 1, 2021) (Byron, J.) (Florida law) (holding that, pursuant to acts or decisions exclusion, COVID-19-related government order was not a "Covered Cause of Loss," and granting insurer's motion to dismiss); *Bahama Bay II Condo. Ass'n, Inc. v. United Nat'l Ins. Co.*, 374 F. Supp. 3d 1274, 1281 (M.D. Fla. 2019) (Mendoza, J.) (Florida law) (where county required condo association to hire security guards and install security fencing around sinkhole on condo property, property insurance policy did not cover such "economic losses," but, even if it did, ordinance or law exclusion barred

coverage because the losses were "incurred due to the enforcement of a county ordinance or law regulating the use or repair of the property").[6]

Moreover, to the extent Plaintiff contends that any purported "loss of use" of its bakery caused Plaintiff's alleged losses, then coverage is barred by the Policy's Delay, Loss Of Use Or Loss Of Market Exclusion, which bars coverage "for loss or damage caused by or resulting from . . . [d]elay, loss of use or loss of market." Policy at 56 (emphasis added); *see also Harvest Moon*, 2021 WL 1232400, at *1, *3-*4 (holding that, pursuant to delay, loss of use or loss of market exclusion, inability to use insured property was not a "Covered Cause of Loss," and granting insurer's motion to dismiss).

## V.   **CONCLUSION**

For the foregoing reasons, Westchester's Motion for Judgment on the Pleadings should be granted under Federal Rule of Civil Procedure 12(c), and judgment should be entered in favor of Westchester.

---

[6] *See also Whiskey River on Vintage, Inc. v. Illinois Cas. Co.*, 2020 WL 7258575, at *1-*4, *18-*19 (S.D. Iowa Nov. 30, 2020) (holding that acts or decisions exclusion barred coverage for losses resulting from COVID-19-related government orders that restricted insured-restaurants from offering on-premises dining, and granting insurer's motion for judgment on the pleadings); *FlorExpo LLC v. Travelers Prop. Cas. Co. of Am.*, 2021 WL 857004, at *1-*6 (S.D. Cal. Mar. 8, 2021) (holding that acts or decisions exclusion barred coverage for losses sustained due to government restrictions on access to policyholder's business, and granting insurer's motion to dismiss); *Cytopath Biopsy Lab., Inc. v. U.S. Fid. & Guar. Co.*, 774 N.Y.S.2d 710, 711 (N.Y. App. Div. 2004) (acts or decisions exclusion barred coverage for business income loss sustained by laboratory when authorities ordered it to temporarily close following discharge of "noxious fumes" from laboratory that made neighboring tenants ill); *Ira Stier, DDS, P.C. v. Merchants Ins. Group*, 7 N.Y.S.3d 365 (N.Y. App. Div. 2015) (ordinance or law exclusion barred coverage for business income loss sustained by dental practice when town's building department ordered dental practice to close until it obtained proper certificate of occupancy).

Dated: May 17, 2021     Respectfully submitted,

            */s/ Steven J. Brodie*
            Steven J. Brodie (FL Bar # 333069)
            sbrodie@carltonfields.com
            Heidi Hudson Raschke (FL Bar # 61183)
            hraschke@carltonfields.com
            Andrew K. Daechsel (FL Bar # 118157)
            akdaechsel@carltonfields.com
            Carlton Fields, P.A.
            2 MiamiCentral
            700 NW 1st Avenue, Ste. 1200
            Miami, Florida 33136-4118
            Telephone (305) 530-0050
            Facsimile (305) 530-0055

            *Attorneys for Defendant Westchester Surplus*
            *Lines Insurance Company*